FILED
 2007 Sep-14  AM 11:01
 U.S. DISTRICT COURT
    N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **KATIE MAE COCKRELL, by and through her next friend, KATHY SPRY,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | **Civil Action No. CV-07-S-1158-NE** |
| **SUNBRIDGE HEALTHCARE CORPORATION,** *et al.***,** ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Katie Mae Cockrell, originally filed this action, by and through her next friend Kathy Spry, in the Circuit Court of Morgan County, Alabama. She asserted claims for negligence and negligence *per se*, arising out of injuries she received while under nursing home care. She named as defendants Sunbridge Healthcare Corporation ("Sunbridge"), and Sun Healthcare Group, Inc. ("Sun"), the entities she claims are responsible for operating the nursing home facility in which she resides.[1] Defendants jointly removed the case to this court on June 20, 2007.[2]

Sun subsequently moved to dismiss all of plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which

---

[1] *See* Complaint, appended to doc. no. 1 (Notice of Removal).
[2] Doc. no. 1 (Notice of Removal).

relief can be granted.[3]  Because both parties submitted evidentiary materials in support of, and in response to, the motion, the court subsequently converted the motion to dismiss to a Rule 56 motion for summary judgment.[4]

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case.  The relevant rules of substantive law

---

[3] Doc. no. 3.

[4] Doc. no. 8. *See* Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*).

Sun argues that it cannot be held liable on plaintiff's claims, because it has no control over the nursing home facility in which plaintiff resides, and plays no role in managing the facility's day-to-day operations.  Sun relies upon the affidavit of its corporate Secretary Michael T. Berg, who states that

> SunBridge Healthcare Corporation is the corporation which operates the long-term care facility where Ms. Cockrell was a resident, and does so as SunBridge Care and Rehabilitation for Decatur.  Sun Healthcare Group, Inc. has no role in the operation nor day-to-day control of the nursing home facility located in Decatur.  These functions are carried out by SunBridge Healthcare Corporation d/b/a/ SunBridge Care and Rehabilitation for Decatur.[5]

Plaintiff asserts that there is conflicting evidence regarding the level of control Sun exerts over the nursing home facility, and that the issue of Sun's liability cannot conclusively be determined at this stage in the litigation.[6]  Plaintiff relies upon several evidentiary items, including: (1) a Corporate Integrity Agreement between Sun and

---

[5] Doc. no. 1 (Notice of Removal), Exhibit B (Affidavit of Michael T. Berg), at ¶ 4.

[6] Doc. no. 5.

the Office of the Inspector General of the Department of Health and Human Services;[7] (2) a document entitled "The Compliance Process" printed by Sun Healthcare Group;[8] (3) a document entitled "Code of Conduct: The Compliance Process," also printed by Sun Healthcare Group;[9] and (4) an Internet-based article discussing Sun's agreement to pay legal claims arising out of care provided in several nursing home facilities in California.[10]  Based upon this evidence, plaintiff requests the court to deny Sun's motion for summary judgment, or, alternatively, to grant her time for additional discovery pursuant to Federal Rule of Civil Procedure 56(f).[11]

Sun subsequently moved to strike the four evidentiary exhibits referenced above as inadmissible under the Federal Rules of Evidence, because they have not been properly authenticated and constitute inadmissible hearsay.  *See* Fed. R. Evid. 802 and 901.[12]  The court agrees with Sun that these four exhibits — in the form in which they currently are submitted — would not be admissible.  Nonetheless, the court still may consider the documents, because they easily could be presented in

---

[7] Doc. no. 9, at Exhibit A.

[8] *Id.* at Exhibit B.

[9] *Id.* at Exhibit C.

[10] *Id.* at Exhibit D.

[11] *See* Fed. R. Civ. P. 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.").

[12] Doc. no. 7.

admissible form at trial.  When evaluating a motion for summary judgment, "a court may only consider evidence that is admissible *or that could be presented in admissible form*" at trial.  *Denney v. City of Albany,* 247 F.3d 1172, 1189 n.10 (11th Cir. 2001) (emphasis supplied) (citing *Prichard v. Southern Company Services,* 92 F.3d 1130, 1135 (11th Cir. 1996) (holding that a plaintiff "cannot use inadmissible hearsay to defeat summary judgment *when that hearsay will not be reducible to admissible form at trial*") (emphasis supplied) (in turn citing *McMillian v. Johnson,* 88 F.3d 1573, 1583-84 (11th Cir. 1996) (same)).  Accordingly, Sun's motion to strike is DENIED.

Upon review of plaintiff's evidentiary submission, and her response to Sun's motion for summary judgment, the court concludes that genuine issues of material fact exist to preclude the entry of summary judgment.  Additional discovery is necessary to determine the level of control exerted by Sun over the nursing home facility in which plaintiff resides.  Accordingly, Sun's motion for summary judgment is DENIED, but without prejudice to Sun's right to refile the motion *after the completion of discovery, and not before*.

DONE this 14th day of September, 2007.

_____
United States District Judge